UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

PETERSON JEAN BAPTISTE,

Petitioner,

v. Case No. 3:26-cv-2532-MMH-LLL

WARDEN, NORTH FLORIDA DETENTION FACILITY, et al.,

Respondents.

---

**ORDER**

Petitioner Peterson Jean Baptiste, an immigration detainee, initiated this action by filing a pro se Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1; Petition) on September 22, 2026. See generally Petition. Baptiste, a citizen of Haiti, was paroled into the United States on December 28, 2022. Doc. 5-1 at 4. He has a pending asylum application. Petition at 6. On August 1, 2026, United States Immigration and Customs Enforcement (ICE) detained Baptiste. Id. at 4. The Federal Respondents understand Baptiste to argue that he is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2). See id. at 6; see generally Response to Habeas Petition (Doc. 5; Response). As relief, he seeks, inter alia, immediate release or, alternatively, a bond hearing. Petition at 7.

The Eleventh Circuit Court of Appeals has concluded that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior." Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, 175 F.4th 1258, 1276 (11th Cir. 2026). Although Hernandez Alvarez did not directly address the circumstance of a petitioner, like Baptiste, who is detained at or near the border, paroled into the United States, and is re-detained years later, its reasoning also applies to this case. Baptiste was not seeking entry at the border when he was re-detained; therefore, he is not subject to § 1225. See id. at 1285 (recognizing the "longstanding border-interior distinction" for purposes of immigration detention that Congress preserved in the Immigration and Nationality Act).

Accordingly, it is **ORDERED**:

1. Baptiste's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1) is **GRANTED** as to his claim that his detention without an individualized bond hearing violates the Immigration and Nationality Act.[1] Within **seven days** of this Order, Respondents shall either afford Baptiste an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or release him.

[1] Because the Court finds that Baptiste is entitled to relief on his assertion that Respondents violated the Immigration and Nationality Act, the Court need not address his remaining contentions. See Banks v. Dretke, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").

If Respondents release Baptiste, they shall facilitate his transportation from the detention facility.

2. The **Clerk** is directed to terminate any pending motions, enter judgment granting the Petition, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 5th day of October, 2026.

Marcia Morales Howard
**MARCIA MORALES HOWARD**
United States District Judge

lc36
c:
Counsel of Record
Peterson Jean Baptiste